### DELAWARE UNDERWRITERS et al. v. BROCK.

(Court of Civil Appeals of Texas. San Antonio. Oct. 23, 1918. Rehearing Denied Nov. 20, 1918.)

1. APPEAL AND ERROR ☞1050(1)—HARMLESS ERROR—FACTS OTHERWISE ESTABLISHED.

An assignment of error to the introduction of a letter cannot be sustained, where another letter, written by the same person to the same addressee, containing practically the same matters objected to, was read to the jury without objection.

2. INSURANCE ☞576(1)—APPRAISALS—WAIVER BY INSURER.

Where fire policy required appointment, in case of disagreement, of two disinterested appraisers, who should choose a third, such clause being for the benefit of the insurer, it waived such benefit by appointing an appraiser, who was not disinterested, but was in its employment, and it was no defense that the insured also appointed an interested appraiser.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Action by C. B. Brock against the Delaware Underwriters and another. Judgment for plaintiff, and defendants appeal. Affirmed.

John Sehorn, of San Antonio, for appellants.

T. G. Jackson and Ingrum & Robinson, all of San Antonio, for appellee.

FLY, C. J. This is a suit to recover insurance on a certain house, alleged to have been destroyed by fire, instituted by appellee against Delaware Underwriters and Westchester Fire Insurance Company; a trial of the same by jury resulting in a verdict and judgment for $2,500 in favor of appellee. The policy was for $2,500.

Appellants pleaded a general denial, and specially pleaded that appellee should not recover, because he had not complied with a clause in the policy as to submitting any cause of disagreement as to amount of the loss to two competent and disinterested appraisers, who should appraise the loss and in case of their disagreement name an umpire to settle it. It was alleged that a disagreement had arisen as to the amount of the loss between appellants and appellee, and each of them selected an appraiser, which the other declared was not competent and disinterested, and the arbitration never took place. The jury found that neither the appraiser selected by appellee nor the one selected by appellants was competent and disinterested, but also found that appellee did not refuse to submit the difference between the parties to the appraiser chosen by appellants, and that appellants refused to submit the differences to the appraiser selected by appellee.

The evidence in the case shows that, while the appraisers chosen by the parties were not competent and disinterested, the appellee of-

fered to set aside his choice and choose another appraiser, if appellants would choose another and different appraiser. and that offer was refused by appellants.

[1] The first and second assignments are overruled. The first assignment of error assails the action of the court in permitting Schmitt to testify that appellant objected to Phelps acting as an appraiser, because he did not believe he was fair, but would work for the man who chose him. The statement contains only the bill of exceptions, but fails to show that Schmitt testified to the matters of which complaint is made. The statement of facts shows that Schmitt did not testify as represented in the bill of exceptions, but denied that any such conversation took place. The second assignment of error complains of the introduction by appellee of a letter written by the attorney of appellee to Schmitt, the agent of appellants; but it cannot be sustained, because another letter written by the attorney to the agent, containing practically the same matters objected to in the other letter, was read by appellee to the jury without objection on the part of appellants.

The third and fourth assignments of error claim that it was neither pleaded nor proved that the appraiser selected by appellants was not competent and disinterested. In the supplemental petition appellee pleaded this fact, and there was evidence to sustain such allegation. The testimony showed that he was used by appellants in a number of cases as an appraiser and was paid by them the sum of $10 a day. Brock was permitted to state, without objection, that the appraiser had been represented to him as not fair. The letter introduced, without objection, also tended to show that Phelps was not disinterested, but seemed to be regularly in the employ of appellants.

[2] The evidence tends to show that the failure to have an appraisement of the damages was the fault of appellants rather than of appellee. He offered to appoint another appraiser, if appellants would appoint another; but this they refused to do. They had one man to whom they wished the differences to be submitted, and he not disinterested. The evidence tends to show that appellants were not acting in good faith in insisting on an appraiser who naturally was not disinterested, but biased in their favor. The clause as to appraisers was inserted in the policy wholly for the benefit of the insurance companies, and any attempt on their part to act oppressively or in bad faith in connection therewith is a waiver of the benefit. When the insurer demands an appraisal, it must in good faith nominate a competent, disinterested person as appraiser, and when it fails to do this the refusal of the insured would be no defense for the insurer. Insurance Co. v. Vallandingham, 116 Ky. 287,

76 S. W. 22, 105 Am. St. Rep. 218; 14 R. C. L. § 528.

The fifth, sixth, seventh, eighth, and ninth assignments of error are overruled. The house was shown to be a total loss.

The judgment is affirmed.