McMAHON v. GUNTER. (No. 553.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 14, 1920.)

1. EVIDENCE ⊙═271(19) — LETTERS CONTAINING SELF-SERVING DECLARATIONS NOT ADMISSIBLE.

In an action for breach of contract to convey land, letters written by defendant containing self-serving declarations are not admissible.

2. APPEAL AND ERROR ⊙═882(8) — A PARTY CANNOT COMPLAIN OF THE ADMISSION OF EVIDENCE WHERE HE INTRODUCED SIMILAR EVIDENCE.

In action for breach of contract for sale of timber, where plaintiff, the purchaser, introduced several letters passing between himself and the alleged seller, one of which contained numerous self-serving declarations made by the seller, the purchaser cannot complain of the subsequent admission of another letter written by seller containing the same self-serving declarations.

Appeal from District Court, Jasper County; W. T. Davis, Judge.

Action by J. P. McMahon, Jr., against A. A. Gunter. From a judgment for defendant, plaintiff appeals. Affirmed.

Smith & Crawford, of Beaumont, Wightman & Hancock, of Newton, and A. M. Huffman, of Jasper, for appellant.

J. B. Forse, of Newton, A. L. Shaw, of Stephensville, A. A. Gunter, of Port Arthur, and Smith & Lanier, of Jasper, for appellee.

HIGHTOWER, C. J. Appellant, J. P. McMahon, Jr., instituted this suit in the district court of Newton county against the appellee, A. A. Gunter, in which appellant prayed for a decree of specific performance of an alleged contract for the sale of hardwood and pine timber on several tracts of land in Newton county, aggregating 784 acres, and more particularly described in appellant's petition. Appellant also prayed, in the alternative, that if for any reason specific performance of such claimed contract could not be had, then he have judgment for damages against appellee in the sum of $3,373, which he claimed he sustained in consequence of appellee's failure to perform said contract.

Appellee's answer consisted of a general demurrer and several special exceptions, and also a general denial, and a special plea to the effect that there had been no such contract between the parties as claimed by appellant, and that the written memorandum relied upon by appellant, as constituting such claimed contract, was not intended by the parties as being a full and complete and binding contract between them, and was never accepted as such by appellant; but, on the contrary, that such memorandum, claimed by appellant to constitute a contract between the parties, was only intended by them as a basis of negotiations to enable appellant to conclude a sale of the timber mentioned in said memorandum to the Miller-Link Lumber Company of Orange, Tex., or L. Miller, for appellee.

The letter or written memorandum which appellant relied upon as constituting the contract between him and appellee for the sale and purchase of said timber was written in appellant's office at Newton, Tex., on one of appellant's letter heads, it seems, and is as follows:

"J. P. McMahon, Jr., Real Estate and Surveying.

"Newton, Texas, June 9, 1917.

"Mr. J. P. McMahon, Jr., Newton, Texas— Dear Sir: I own 467 acres on the R. Williams and 317 acres of the R. S. Damrell, making in all 784 acres of land; and I will sell you the hardwood and pine timber on these two tracts of land for $3,000, and a deed to the land only (timber reserved) of the 209 acres of the R. Williams lying between my two tracts and now owned by the Newton County Bank.

"Yours truly, A. A. Gunter."

Appellant, by proper allegations in his petition below, pointed out and described more definitely the tracts of land on which the above-mentioned timber was growing; and he also alleged that he procured from the bank of Newton county the 209 acres mentioned in said memorandum, and tendered the same by deed to appellee, and offered to comply with his part of such claimed contract in all of its essentials, and had tendered performance thereof to appellant, who finally refused to carry out his part of such claimed contract, and declined to sell said timber to appellant, etc.

The case was tried with a jury, and upon conclusion of the evidence the only issue of fact submitted for the jury's determination, which it seems was with the approval of both parties, was as follows:

"Question No. 1. Was the letter dated the 9th day of June, A. D. 1917, written by A. A. Gunter, addressed to J. P. McMahon at Newton, Tex., intended as a memorandum of a contract of sale of the timber on the land therein mentioned to J. P. McMahon, or was said letter intended only as a basis of negotiation to enable J. P. McMahon to conclude a sale of said timber to the Miller-Link Lumber Company, or L. Miller, for A. A. Gunter?

"You will answer the foregoing question by using the words 'Memorandum of sale,' or 'Basis for negotiation,' as you may determine from the evidence before you."

The jury's answer to this question was, "We, the jury, find, 'Basis for negotiation.'" Upon this verdict, judgment was pronounced and entered in favor of appellee, and appellant took nothing.

There are five assignments of error in ap-

(219 S.W.)

pellant's brief, but all of them relate to the action of the trial court in permitting appellee to introduce in evidence, over appellant's objection, a letter written by appellee to appellant from Austin, Tex., dated November 7, 1917. This letter is quite lengthy, and covers four pages of the statement of facts, written in single space, and because of its great length we decline to here quote it. Appellant objected to its introduction for the following reasons:

(a) The same was written by defendant long after the deal was closed, and is therefore no part of the contract, and is not admissible to prove any issue in the case.

(b) Said letter was written by the defendant, a party at interest in the matters discussed therein, and is therefore a self-serving declaration.

(c) Said letter is a self-serving declaration by the defendant after plaintiff had threatened suit, and is and could be offered for no other purpose than to corroborate the testimony of defendant on the only disputed material fact in the case.

(d) Said letter purports to be a review by defendant of all the facts and circumstances which had previously occurred, as understood by defendant, whereby it was attempted to be shown that no deal had been made between the parties to this suit.

[1, 2] All of these objections were overruled, and appellant duly excepted. We quite agree with appellant that the letter complained of contained several statements self-serving in their nature, and for that reason, ordinarily, the same would not have been admissible, and its admission would have constituted such error as would probably have been held to constitute reversible error. We note, however, from the statement of facts, that appellant himself, as a part of his evidence, introduced several letters passing between himself and appellee, and especially a letter written by appellee to appellant from Austin, Tex., dated October 20, 1917. This last-mentioned letter itself covers nearly two pages of the statement of facts, single spaced, and because we see no necessity for here quoting it in full, and since to do so would be a useless consummation of space in this opinion, we decline to do so. It is clear, however, from this letter introduced by appellant that the controversy between the parties had theretofore arisen, appellant claiming that he was entitled to have the timber mentioned in the written memorandum of June 9, 1917, and that such memorandum constituted a full and complete contract between the parties, and had been accepted as such by appellant, while, on the other hand, appellee was claiming that said memorandum did not constitute a contract between the parties, and was not a full and complete statement of their intentions and understanding, and was not intended to be such by the parties, and that it had not, in fact, been accepted as such by appellant. In other words, in this letter of October 20, 1917, introduced by appellant himself, all the really material self-serving statements were made by appellee that were contained in the letter of November 7, 1917, to the introduction of which appellant objected. In the letter of October 20, 1917, appellee clearly stated that there had been no contract between himself and appellant, as claimed by appellant, and that it was not intended by the parties that the memorandum of June 9, 1917, was to be a binding contract between them, and that appellant so understood, and never accepted said memorandum as any such binding contract, but that, on the contrary, appellant expressly stated at the time of such memorandum that he (appellant) was not accepting the same as a binding contract between himself and appellee, but that he would only use such memorandum as a basis for negotiating a deal with the Miller-Link Lumber Company, as above mentioned. While the letter of November 7, 1917, was more lengthy than that of October 20th, the material self-serving statements therein contained were no stronger in favor of appellee than those contained in that of October 20th. We regard the letter of November 7th as a mere amplification of the statements and contentions of appellee contained in the letter of October 20th, but no more damaging to appellant. We therefore conclude and hold that no error prejudicial to appellant is shown by the introduction of the letter of November 7th. Delaware, etc., v. Brock, 206 S. W. 377. This rule is so well settled in Texas that the citation of authority is really unnecessary. It might also be added that both of these letters related to the very same subject-matter and controversy concerning it, and, appellant having introduced one of them, there was no error in permitting appellee to introduce the other.

Appellant's assignments of error are overruled, and the trial court's judgment will be affirmed; and it is so ordered.